# Williams *v.* Auerbach.

*Trover for conversion of Corpus of Wife's Statutory Estate.*

1. *Sale of corpus of wife's statutory estate; how only can be made.*—A sale of the corpus of the wife's statutory estate is void, unless it be in writing, signed by husband and wife, and attested or acknowledged as required by law; and the fact that she was present, when her husband sold the property to another in payment of the husband's debt, and expressed herself satisfied with the arrangement, will not defeat her action of trover against such purchaser for the conversion of the property.

APPEAL from Circuit Court of Pike.

Tried before Hon. H. D. CLAYTON.

The appellee, Mrs. Mary Williams, brought trover against Auerbach for the conversion of certain cattle, constituting

part of the *corpus* of her statutory estate. The case was tried on an agreed state of facts, subject to exception to its competency and relevancy. ' Prior to the bringing of suit,. "Mrs. Williams' husband was indebted to defendant for certain supplies, necessary for the comfort of the family of plaintiff and her husband, suitable to their degree and condition in life, exceeding in value the property sued for," and plaintiff's husband "executed a mortgage to Auerbach on the cattle, which mortgage was not signed by the plaintiff. These cattle were of the *corpus* of Mrs. Williams' statutory estate, and her husband afterwards sold them to Auerbach in payment of the debt. The plaintiff was present at the time of the sale, and consented to it, and delivered them to defendant's agent, and afterwards expressed herself satisfied;" but no instrument in writing, signed by plaintiff and her husband, for the sale of the cattle, was executed. A demand was made before suit, but defendant had then converted the cattle. It was also shown that the cattle were exempt to plaintiff from seizure and sale for debt, but that defendant did not know of plaintiff's claim when the cattle were delivered, but did before they were converted. There was also evidence of the value of the cattle.

The court refused, on motion of the plaintiff, to exclude the evidence of the husband's indebtedness, and the character of the supplies furnished him, &c., and charged the jury, at the defendant's request, to find for the defendant, if they believed the evidence. Exception was duly reserved to each of these rulings, and they are now assigned for error.

W. D. ROBERTS, for appellant.—The sale of the *corpus* of the wife's estate not being made in writing, signed by her and her husband, and attested, as required by statute, was void. Evidence of the husband's indebtedness and the character of it and the wife's assent to the sale was clearly illegal. It was introduced to show an estoppel upon a *femme covert*, in a court of law, and to uphold a sale made in plain violation of the statute.

W. D. WOOD, *contra*.

STONE, J.—Under the uniform rulings of this court, and by the very terms of the statute, we feel constrained to reverse the ruling of the circuit court in this cause. All our decisions hold that a sale of the *corpus* of the wife's statutory separate estate is void, unless it be in writing, signed by

husband and wife, and attested or acknowledged as required by law.—Revised Code, §§ 2373, 1552; *Drake v. Glover,* 30 Ala. 382; *Whitman v. Abernathy,* 33 Ala. 154; *Canty v. Sanderford,* 37 Ala. 92; *Alexander v. Saulsbury, id.* 376; *Warfield v. Ravesies,* 38 Ala. 521.

Reversed and remanded.