# Sterrett *v.* Coleman.

### *Action for Money had and Received.*

1. *Payment of money of wife's statutory estate; when can not be recovered back.*—The wife can not recover money, the *corpus* of her statutory estate, from a person to whom her husband, with her concurrence, paid it, as part of the price of land purchased for her.

APPEAL from Circuit Court of Dallas.

Tried before Hon. GEORGE H. CRAIG.

The appellee, Charlotte P. Coleman, acting jointly with her husband, purchased a tract of land from the appellant, Sterrett. Sterrett received, in part payment, $1,000 in cash, which was of the statutory estate of said Charlotte P., and a note signed by her and a surety, for the remainder of the purchase money. He gave possession to the appellee's husband, and executed a bond to convey title to said Charlotte, upon payment of the note. After this, without possession having been restored to Sterrett, Mrs. Coleman attempted to repudiate the contract, and demanded that Sterrett refund the cash payment to her; and upon his refusal to do so, brought this action against him, as for so much money had and received for her use.

The court charged the jury, at the request of the plaintiff, that she was entitled to recover, if they believed the evidence, and defendant excepted. This charge is now assigned as error.

PETTUS, DAWSON & TILLMAN, for appellants.

BROOKS, HARALSON & ROY, *contra.*

STONE, J.—In *Marks v. Cowles*, 53 Ala. 499, speaking of the power of the husband over moneys, the statutory separate estate of the wife, we said: "The *corpus* of the estate may consist wholly of money, and the wife may be without a homestead. It would be the right and duty of the husband to invest so much as was necessary in the purchase of a homestead, suitable to the degree of the wife's fortune, and her condition in life." In another place, in the same opinion, the proposition was laid down "that the husband, as trustee of the wife, has under the statute, power to invest, with the

concurrence of the wife, moneys, the *corpus* of her statutory estate, in the purchase of lands." A similar decision was made in *Pylant v. Reeves*, 53 Ala. 132. That the purchase in this case was made with the concurrence of the wife, is shown by the fact that she united in giving the note for the unpaid purchase money.

On the facts shown in this record, the plaintiff was not entitled to recover, and the jury should have been so charged.

Reversed and remanded.