# Kieser *v.* Baldwin.

*Bill in Equity for Injunction, &c.*

1. *Mortgage; what valid.*—Where the husband, or the wife with his concurrence, purchases personal property, paying part in cash with money of her statutory estate, and they both execute, cotemporaneously with, and as part of the sale, a mortgage on the property purchased, to secure notes for the balance of the price, the mortgage is valid, and neither the husband nor the wife can repudiate it.

[Kieser v. Baldwin.]

2. *Personally belonging to wife; what not pass title to.*—A sale of personalty of the statutory estate of the wife by her and her husband, the instrument not being attested by any witness or acknowledged, will not pass her title in the thing sold.

3. *Mortgage; what does not satisfy.*—Where the assignee of a mortgage and debt secured by it, extends the debt or takes new notes from the mortgagor, this does not extinguish the mortgage, or impair it as a security for the new notes, so far as they represent the original indebtedness secured.

4. *Same.*—Where a conveyance by husband and wife of the statutory separate estate of the wife, in satisfaction of notes secured by a valid mortgage on her property, is not sufficient to pass title, because not witnessed as required by statute, and she repudiates it on that account, the mortgage and debt secured by it, are not extinguished, but remain unimpaired, though in pursuance of abortive sale, the notes and mortgage were surrendered to the mortgagors.

APPEAL from Lee Chancery Court.

Heard before Hon. N. S. GRAHAM:

The original bill in this cause was filed by the appellant, Ann E. Kieser, against the appellee, M. A. Baldwin, and her husband, B. H. Kieser, and seeks to enjoin Baldwin from selling or taking possession of certain property under and by virtue of a mortgage executed by her and her husband to Job Trippe, treasurer of the Boston and Fairhaven Iron Works, and by him transferred to Baldwin, or by virtue of a bill of sale to Baldwin of the same property, also executed by her husband and herself. Baldwin filed a cross-bill, in which he alleged, in substance, the following facts : In 1874, Kieser, as trustee for his wife, purchased of the Boston and Fairhaven Iron Works a printing press for a large sum, making a cash payment from funds which formed part of appellant's statutory separate estate, and giving two notes, jointly with his wife, for two hundred and fifty-six dollars and twenty-five cents, each due respectively three and six months after date, for the deferred payments. These notes were secured by a mortgage, on the printing press and other personal property, executed by Kieser and wife cotemporaneously with them. These notes and mortgage were transferred to Baldwin, and are his property. Baldwin allowed two extensions of these notes ; the first without any change in the security afforded by the mortgage. About this time Baldwin lent B. H. Kieser two hundred and seventy-five dollars, and took his note therefor. After the maturity of both the notes to Trippe, and the loan note of B. H. Kieser to Baldwin were past due, Kieser and wife, in payment of these three notes, sold and conveyed to Baldwin the printing press and certain other personal property, giving him a bill of sale therefor, which was neither witnessed or acknowledged ; and thereupon the three notes and mortgage were given up and canceled. The cross-bill avers that the property, other than the printing press, is the property of B. H. Kieser, and was paid

for with money earned by him. The cross-bill prayed a foreclosure of the mortgage to Trippe and for general relief.

There was a demurrer to the cross-bill, on the ground that the property involved was the statutory separate estate of Mrs. Kieser, and could not be legally mortgaged, and also on the ground of multifariousness. These demurrers the Chancellor overruled, and from that decree this appeal is prosecuted.

G. D. & G. W. HOOPER, for appellants.

SANDFORD & LINDSEY, contra.

No briefs came to Reporter's. hands.

STONE, J.—If the averments of the appellee's cross-bill be true, the two notes of two hundred and fifty-six 25–100 dollars each, made by Kieser and wife to Trippe, treasurer, were given in part purchase of the printing press, bought from the Boston and Fairhaven Iron Works ; and a mortgage, cotemporaneous with the purchase, was made by Kieser and wife conveying the press as security for the payment of said notes. These notes, it is averred, together with the mortgage security, were traded and transferred to Baldwin, and thus became his property. It is further averred that Baldwin allowed two extensions of these notes ; the first one, without making any change in the mortgage security. In the mean time, as the cross-bill avers, Baldwin had lent B. H. Kieser two hundred and seventy-five dollars, and had taken his note therefor. The mortgage made to Trippe recites that the printing press was the separate property of Mrs. Kieser, and this view is the most favorable one to her interest. In her original bill she alleges it was purchased with the moneys of her statutory separate estate. Under this view, there can be no question that the mortgage to Trippe, securing as it did part purchase of the press mortgaged, was valid and binding.—*Marks v. Cowles*, 53 Ala. 499 ; *Coleman v. Sterrett*, 57 Ala. 172.

After the notes thus given by Kieser and wife to Trippe, transferred to Baldwin, had matured, and when the loan note of B. H. Kieser to Baldwin was past due, it is averred that Kieser and wife sold and conveyed the printing press and other furniture of the printing office, to Baldwin, in payment of the three notes ; and that thereupon the three notes and mortgage were given up and canceled. The bill of sale or writing, by which this sale and conveyance were made and evidenced, is shown in the record, and has neither subscrib-

ing witness, nor certificate of acknowledgment. It is contended for Mrs. Kieser that this transaction paid and discharged the old debt for the purchase money; while at the same time the conveyance is inoperative, by reason that it is without subscribing witnesses.—Code of 1876, § 2707; *Williams v. Auerbach,* 57 Ala. 90. We do not think these two propositions compatible. Both can not be true. A void instrument of conveyance can not operate an extinguishment of the valid lien which existed on the press. We think the conveyance attempted by Kieser and wife to Baldwin, of the absolute title of the press and other property, was ineffectual to convey any thing which was the statutory separate estate of Mrs. Kieser, because it wanted subscribing witnesses; and that it did not and could not extinguish the debt, in payment of which it was fruitlessly attempted to be made. When Mrs. Kieser renounced and repudiated the sale thus made, it left unimpaired the debt for which the press had previously been made liable. And the subsequent note and mortgage, to the extent they represented the notes and mortgage given to Trippe, were but a continuation of that liability and lien.—*Boyd v. Beck,* 29 Ala. 712; *McGuire v. Van Pelt,* 55 Ala. 344. It results from this that, to the extent of the two notes given to Trippe, the mortgage of the printing press to Baldwin, according to the averments of the cross-bill, is valid and binding.

As to other property, the cross-bill denies Mrs. Kieser's ownership, and asserts it is the property of Mr. Kieser, earned with his labor. If this be true, then the mortgage signed by Kieser is a valid conveyance of it, and the cross-bill to enforce the lien is well filed.—2 Brick. Dig. 257, §§ 147, 149.

The Chancery Court did not err in overruling the demurrer to the cross-bill.

Affirmed.