# Johnson's Adm'r *v.* Ward.

*Bill in Equity for Foreclosure of Mortgage.*

1. *Appeal by married woman, without security for costs.*—The refusal of the chancellor to allow a married woman to take an appeal without giving security for the costs, as she may do in certain cases (Code, § 3930), can not be assigned as error in this court, though she might, probably, have had a remedy by *mandamus*.

2. *Mortgage for purchase-money, on wife's statutory estate.*—A mortgage executed by husband and wife, for the unpaid purchase-money of property, real or personal, belonging to the wife's statutory estate, is valid and binding.

3. *Personal decree on foreclosure of mortgage.*—In a suit for the foreclosure of a mortgage, it is irregular to render a personal decree for the debt in the first instance; and no execution can issue upon a decree of foreclosure (Code, § 3908), until the mortgaged property has been sold, the sale confirmed, and the balance still due ascertained, for which execution may then issue.

4. *Personal decree against married woman.*—While the notes and mortgage of husband and wife, given for the purchase-money of property belonging to the wife's statutory estate, bind the property, they impose no obligation on her personally, and do not bind any other property belonging to her; and it is erroneous to render a personal decree against her, under a bill to foreclose the mortgage.

APPEAL from the Chancery Court of Tuskaloosa.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 18th May, 1883, by J. Marion Ward, against Mrs. Elizabeth S. Johnson and N. D. Johnson, her husband, trustee and agent; and sought to foreclose a mortgage on a steam-engine, which the defendants had bought from the Lima Machine Works, giving their notes for the unpaid purchase-money. The mortgage, a copy of which was made an exhibit to the bill, was dated the 7th May, 1881, and was signed by Mrs. Johnson, and by N. D. Johnson, her husband, as agent. The price of the engine was $1,833.33, but the balance due and unpaid was about $750; and the notes and mortgage were transferred and assigned by the payee and mortgagee to the complainant. On final hearing, on pleadings and proof, the chancel-

lor rendered a decree for the complainant for $814.33, the balance ascertained to be due on the debt, and ordered the steam-engine to be sold, if that amount was not paid by the defendants within sixty days: This decree, with other matters, is now assigned as error, by Mrs. Johnson.

McEACHIN & McEACHIN, WOOD & WOOD, and A. C. HARGROVE, for the appellant.

VAN HOOSE & POWELL, and J. M. MARTIN, contra.

STONE, C. J.—The assignments of error contain many specifications, of which complaint is made. The argument notices only two, and we will give but a passing notice to such of the others as we deem necessary.

The first objection urged is, that the chancellor refused to allow Mrs. Johnson to appeal under section 3930 of the Code of 1876. That section permits married women to appeal in certain cases, without giving security for costs. If there be anything in this objection, it can not be raised by an assignment of error after the appeal is taken. It could, probably, have been reached by mandamus, or mandatory order, to compel the granting of the appeal, on the terms prescribed by that statute. The appeal having been taken, this court could not, even on a proper application, compel the doing of an act which has already been done.—Ware v. McDonald, 63 Ala. 81; Roberts v. Taylor, 64 Ala. 549.

The next point urged in argument is, that the locomotive engine, the subject of the suit, was the statutory separate estate of Mrs. Johnson, a married woman, and that her mortgage of it was void, and will not uphold the equity of a bill to foreclose. As we understand the facts, the engine was contracted for by Mrs. Johnson's husband and trustee, to be employed in and about the enjoyment and utilization of a coal mine, her statutory separate estate; that, by agreement, it was taken for a time on trial; and that at the end of the trial term, the contract of purchase was closed, one-third of the purchase-money paid in cash, and for the remaining two-thirds notes were given at four and eight months, signed by Mrs. Johnson and her husband, who cotemporaneously executed the mortgage on the engine, which this bill seeks to foreclose. This case is not distinguishable in principle from Kieser v. Baldwin, 62 Ala. 526; and on the authority of that case, we hold that there is nothing in the second point urged.

The chancellor erred, however, in rendering the decree against Mrs. Johnson personally. His language is: "It is

ordered, adjudged and decreed, that the respondents shall pay said sum of 814.32 dollars, together with costs of suit, in sixty days after the adjournment of this court, to the solicitor of record, or the register of this court; and in default thereof," etc. This decree would have been unusual, even if all the defendants had been *sui juris*. It is a bill to foreclose a mortgage, and a personal judgment for the debt is not usually rendered in the first instance. It is only by virtue of our statute that a personal judgment can be rendered in such case; and execution on such judgment can not be awarded, "until the property ordered to sale shall have been sold, and the sale confirmed, and the balance due ascertained by the decree of such court."—Code of 1876, § 3908; *Hughes v. Hatchett,* 55 Ala. 529; *Sayre v. Elyton Land Co.,* 73 Ala. 85; *McCall v. Rogers,* 77 Ala. 349.

As to Mrs. Johnson, no personal decree could be rendered against her, either at that time, or after the sale and its confirmation. Her estate was statutory, and it is neither shown nor claimed that her *status* as to her property was other than that of a married woman owning a statutory separate estate, as the law then stood.—*Lee v. Tannenbaum,* 62 Ala. 501; *Wilburn v. McCalley,* 63 Ala. 436. Her notes and mortgage bound the engine, the purchase-money of which they were given to secure. They did not impose any personal debt on her, nor bind any other property she owned.

The decree of the chancellor is so far reversed and here rendered, as to strike from it the clause copied above, and insert in its place the following: " It is ordered, adjudged, and decreed, that unless, within sixty days after the adjournment of this court, said sum of eight hundred and fourteen 32-100 dollars, with the interest from this date, together with the costs of this suit, shall be paid to the register of this court," &c. So amended, we adopt the decree of the chancellor rendered August 30, 1884, as modified by decree rendered March 25, 1885.

Reversed and rendered.