# Stout *v.* Kinsey.

*Statutory Detinue for Mule.*

1. *Verbal sale of wife's property by husband.*—A verbal sale by the husband, of personal property belonging to the wife's separate estate, in payment of his own debt, passes no title as against the wife; and neither her subsequent acquiescence, or declaration that "it was all right," nor the fact that the property was subject to a small statutory lien, about one-tenth of the agreed price, which was discharged as part thereof, imparts any validity to such sale.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Mrs. Josephine Kinsey, a married woman, against J. T. Stout, to recover a mule colt, which the plaintiff claimed as belonging to her statutory estate, and which her husband had sold to the defendant; and was commenced in a justice's court, on the 8th of February, 1887. On appeal to the Circuit Court, the court charged the jury, on request, that they must find for the plaintiff, if they believed the evidence; and this charge, to which the defendant excepted, is assigned as error.

J. L. BURNETT, for the appellant, cited *Gayle's Adm'r v. Murphy*, 70 Ala. 526; *Castleman v. Jeffries*, 60 Ala. 380; *Johnson v. Ward*, 82 Ala. 486; *Connor v. Armstrong*, 86 Ala. 262; *Lee v. Tannenbaum*, 62 Ala 501; *Gafford v. Stearns.*, 51 Ala. 434.

W. H. HARALSON, contra, cited 3 Brick. Digest, 552, § 140.

STONE, C. J.—The facts of this case are uncontroverted. The mule, the subject of the suit, was the property of Josephine Kinsey, the plaintiff, her statutory separate estate.

[Stout v. Kinsey.]

Stout, the defendant, had a statutory lien on the mule for five dollars, for the service of the jack which served the mare. Code of 1886, § 3091. W. L. Kinsey, plaintiff's husband, without his wife's concurrence, sold and delivered the mule to Stout, in payment of the lien-claim of five dollars, and on consideration of forty-five dollars additional, entered as a credit on an indebtedness of the said W. L. to Stout. No money was paid or promised. Mrs. Kinsey was not present, and knew nothing of the trade when it was made. On the next morning, she told Stout "it was all right." The sale was evidenced by no writing. The legal title did not pass out of Mrs. Kinsey by this sale.— *Williams v. Auerbach*, 57 Ala. 90; *Evans v. English*, 61 Ala. 416; *Pollak v. Graves*, 75 Ala. 347.

It is contended for appellant, that because Stout had a lien on the mule for five dollars, and had acquired possession of it, the present suit can not be maintained, without first paying or tendering the five dollars. *Gafford v. Stearns*, 51 Ala. 434, is relied on in support of this contention. In that case, the lienor had delivered the possession of the bale of cotton, the subject of the suit, to the lienee; and this, it was held, conveyed such right to the possession as would maintain detinue. In this case, Stout acquired no possession from Mrs. Kinsey. The authority does not support the argument. No significance can be attached to the remark made by Mrs. Kinsey the next morning. It was without consideration, and, if necessary, we would refer it to marital control.

Affirmed.

[In reply to application for rehearing.]

STONE, C. J. It is contended that because part—$5—of the purchase-price paid by Stout was a debt which operated a lien on the mule, Mrs. Kinsey's husband was authorized to pay that debt with the mule, without her concurrence or assent. *Castleman v. Jeffries*, 60 Ala. 380, and *Gayle v. Marshall*, 70 Ala. 522, are relied on in support of this view. In each of these cases, the *corpus* of the wife's property was bound for the debt, and the debt was large enough to absorb the entire property used in its payment. In neither case was it shown, or contended, that the debt for which the property was chargeable was not equal in amount to the value of the property used in its payment. So, if the husband had not paid the debt, the wife's property might have been subjected to its liquidation. He only did voluntarily, and without suit, what the law would have coerced to be done. If the wife had been permitted to recover in those cases, the recovery would

[Lee v. Harper.]

have been subject to the debt which the husband had attempted to pay with the property. The law does not favor circuity of action; and we ruled that, the property having paid the debt for which it was bound, and no pretense of unfairness being set up, we would not sanction the useless ceremony of restoring the property to her, that it might be immediately wrested from her, and applied to the debt it had been attempted to be used in paying.

The present case is unlike those. The debt in this case was five dollars, only one-tenth of the agreed value of the mule. The principles on which the cases cited were made to turn, are not applicable to the facts of this case, and they furnish no warrant for the ruling invoked.

The application for rehearing must be overruled.