# Collins v. Sherbet.

## Action of Trover.

1. *Husband and wife; title to property acquired by husband's exchange of wife's property; trover.*—Where a husband exchanges with another certain personal property belonging to his wife, agreeing to pay a designated sum in addition, and thereafter makes a series of exchanges, and he is not shown to have had authority from his wife to make any exchange except the first, but there was no notice of such authority to make the exchange in the first instance given to the party with whom it was made, nor was there any ratification by the wife of the subsequent exchanges, the wife acquired no title to the property obtained in the last exchange by the husband; and she can not maintain an action of trover against a person to whom the husband sold said property in payment of a mortgage debt, for the alleged conversion by him of such property.

2. *Evidence; admissibility of bill of sale; its execution must be proven by attesting witness, if signed before one.*—Where the vendee in a bill of sale brings an action of trover for the alleged conversion of the property conveyed therein, and the bill of sale upon which his right of action is based was executed before an attesting witness, such bill of sale is not admissible in evidence to show title in the plaintiff, unless the attesting witness is introduced to prove the execution of said bill of sale, or his absence is accounted for.

3. *Same; examination of witness; whole conversation admissible when a part called for.*—Where in the examination of a witness, a part of a conversation is called for by one party, the other party is entitled to have disclosed all that was said in the same conversation, relative to that part elicited.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JAMES A. BILBRO.

This was an action of trover, brought by the appellee, Mary J. Sherbet, against the appellant, A. G. Collins, to recover damages for the alleged conversion of one mule named Belle, one mule named Gip, one cow, two yearlings, one two horse wagon, two sets plow gears, two blind bridles, and one pair wagon lines.

As to the testimony of the witness May, the statement contained in the abstract, which is referred to in the opinion, is as follows: "On the examination of T. S. May,

[Collins v. Sherbet.]

plaintiff asked him if he had had any conversation with defendant about the cow. The witness replied that on one occasion defendant said something to him about the parties trying to get witness (who was a justice of the peace) to bring a law suit for the property. Defendant then asked witness if in the same conversation defendant did not state that the first he ever heard of Mrs. Sherbet's claim of the property was after he got it. Plaintiff objected to this question because not part of any conversation called for by her. The court sustained the objection, and defendant then and there excepted."

The evidence as to the mule Belle is set forth in the opinion.

As to the cow and yearlings the evidence tended to show that soon after coming to defendant's place, Mr. Sherbet swapped to Collins the cow they had brought from over the mountain, for another cow and agreed to give Collins $20 to boot; that this constituted part of the $325 of the mortgage debt; that Mr. Sherbet then swapped this cow back to Collins for the cow sued for; that the yearlings were the calves of the last two cows. There was no evidence that when these swaps were made anything was said about plaintiff's owning the property, and the evidence was conflicting as to whether defendant at that time knew anything of her claim.

As to the wagon, some of the evidence tended to show that plaintiff's husband bought it from one W. M. McCord, and that it was his property. Plaintiff then offered in evidence a written bill of sale of the wagon to plaintiff, purporting to be signed by said McCord, and attested by a witness. As a predicate to its introduction, McCord testified that he signed it. The attesting witness was not called, nor his absence accounted for. Defendant objected to the admission of this bill of sale on the ground that the attesting witness was not called nor his absence accounted for; but the court overruled the objection, and defendant then and there duly excepted. The evidence showed that the wagon was paid for with timber off of Mr. Sherbet's land.

As to the gear and lines, the testimony showed that Mr. Sherbet let his wife have one pair while they lived in Etowah, and the other pair after they went to defendant's place, and after he had become indebted to

defendant; the lines he also gave her before he became indebted to defendant.

This was substantially all the evidence; and on this evidence the court refused to give the following written charges which were among those requested by the defendant: (1.) "The court charges the jury that if they believe the evidence in the case, they will find for the defendant as to the mule Belle." (2.) "The court charges the jury that if they believe the evidence, they must find for the defendant as to the cow sued for."

The court refused each of the charges asked by defendant, and to the refusal to give each the defendant then and there separately excepted.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

O. D. STREET, for appellant.—1. The defendant should have been allowed to show that at the time plaintiff's husband turned the property over to her, he was involved in debt. It was permissible for defendant to assail this gift upon the ground that its purpose was to defraud either the existing or the subsequent creditors of William Sherbet. This was the purpose of the testimony which was offered for the purpose showing that William Sherbet had creditors at that time.—*Huggins v. Perrine*, 30 Ala. 396; *Seals v. Robinson*, 75 Ala. 363.

2. There was error in permitting the bill of sale of the wagon to go to the jury without calling the attesting witness or accounting for his absence. This bill of sale to plaintiff bore directly, and not merely incidentally, upon the issue before the jury. In all such cases, the attesting witness, if there be one, must be called or his absence accounted for.—*Ellerson v. State*, 69 Ala. 1; *Askew v. Steiner*, 76 Ala. 218; *Russell v. Walker*, 73 Ala. 315; *Jinks v. Terrell*, 73 Ala. 238; *Meyer v. Mitchell*, 75 Ala. 475.

3. The entire property became the respondent's by the exchange, and he simply became the debtor of his wife, if he so employed her property with her consent, or a tort feasor if he did not have her consent.—*Lyne v. Wann*, 72 Ala. 43; *Vincent v. State*, 74 Ala. 274. The title to Mrs. Sherbet's property never passed from her,

and consequently the title to the mule Belle sued for never passed out of the defendant. The wife can not appoint an agent, except in writing.—*Scott v. Cotten*, 91 Ala. 623.

LUSK & BELL, *contra.*

COLEMAN, J.—The appellee, Mary J. Sherbet, a married woman, sued the appellant in trover to recover for all alleged conversion of one mule named Belle, one mule named Gip, one cow, two yearlings, one two horse wagon, two sets plow gear, two blind bridles and one pair wagon lines. This property was first mortgaged by the husband in payment of the debt. This transaction between the husband and defendant is not questioned.

After the close of the evidence, the defendant requested the court to instruct the jury to find for the defendant as to the mule Belle, which instruction the court refused. We will first consider the evidence as to the mule Belle. The plaintiff and her husband removed from Etowah county to Marshall county in the year 1892, upon the lands of the defendant, the husband becoming his tenant. At that time the plaintiff owned the mule Gip, a yoke of cattle and cow and calf. It was controverted as to whether the defendant was informed that the above mentioned property belonged to the wife, but for the purpose of testing the correctness of the action of the court in refusing the affirmative charge, it must be conceded that he was notified. Soon after the husband became the tenant of the defendant, he exchanged the yoke of oxen belonging to plaintiff with defendant for a mule, and agreed to pay $75 boot. This debt constituted a part of the consideration for which the property was sold to defendant. The husband then exchanged this mule for a horse, and paid of his own money $15 addition on the trade. The husband then procured a Mr. Owen to exchange the horse for another mule. The defendant then at the request of the husband, exchanged this mule for the mule Belle, sued for, and gave $7.50 on the trade. "There was no evidence that at the time of any of these swaps, anything was said about the property being plaintiff's." There was some evidence tending to show that the wife verbally authorized the first exchange with defendant—that of the oxen for a mule, for which the

husband agreed to pay as boot seventy-five dollars—but there is no evidence tending to show that there was any notice of this authority given to the defendant; nor does the evidence.tend to show any authority from the wife as to the other exchanges, nor any ratification whatever by her as to the subsequent exchanges by which the mule Belle was obtained, except that to be implied from the bringing .of this suit.   Section 2348 of the Code of 1886, contains the following provisions :   "But the personal property of the wife, or any part thereof may be sold, exchanged, or otherwise conveyed or disposed of by the husband and wife by parol, or otherwise."   If it be conceded that the exchange of the oxen with defendant for the mule, in which transaction the husband became bound for seventy-five dollars, created the husband and wife tenants in common as to the mule received in exchange, there is no evidence whatever, to show that she authorized or ratified the sale or disposition of her interest as such cotenant, in the exchange of this mule for the horse, or the subsequent exchanges.   As to all these latter transactions, there has been no compliance with the statute.   The affirmative charge requested by the defendant, as to the mule Belle should have been given. Were we to go further and concede, that these exchanges were authorized or ratified by the wife, there was no data before the jury which would enable them to determine the interest of the wife in the mule Belle.   First, there was the obligation of the husband to pay seventy-five dollars, there was a payment by the husband in the next transaction of fifteen dollars, and in another, seven and a half dollars.   A jury could not determine from the data furnished, the proportionate interest of the wife in the mule Belle.   Under these conditions she would. not be entitled to recover more than nominal damages. *Cox v. Boyett, infra;* 17 So. Rep. 26 ; *Stout v. Kinsey,* 90 Ala. 546 ; *Pollak v. Graves,* 72 Ala. 347.

The rule of law applied as to the mule Belle and the principles declared in the foregoing authorities are believed to be sufficient in each instance where there was an exchange of property, and we deem it unnecessary to further discuss them.

The court erred in admitting the bill of sale of the wagon to the wife.   There are cases, where the evidence furnished by a written instrument arises merely inci-

[Brasher *et al.* v. Miller.]

dentally or collaterally, it may not be necessary to prove its execution by an attesting witness ; but here, the plaintiff's title was derived from and depended on the bill of sale. In all such cases the general rule applies that the attesting witness must be produced or his absence accounted for. The reason of the rule and the principle is fully stated in the cases of *Ellerson v. The State*, 69 Ala. 1 ; *Russell v. Walker*, 73 Ala. 315 ; *Martin v. Mayer*, 112 Ala. 620. The evidence shows that in fact the wagon was purchased by the husband and paid for by sales of timber from his land. This was a mere gift to the wife. There is no evidence of the date of this transaction. It was constructively fraudulent as to existing creditors. Whether so as to future creditors would depend upon the intent of the parties. The abstract fails to set out enough of the testimony of the witness May to enable the court to determine whether any of it was relevant or material. The general rule is, that when one party calls for a part of a conversation, the other party is entitled to all that was said in the same conversation relative to that part elicited.

For the errors pointed out the judgment must be reversed.

Reversed and remanded.