(78 South. 787)
KIMBALL v. CUNNINGHAM HARDWARE CO. et al. (1 Div. 37.)
(Supreme Court of Alabama. May 9, 1918.)

1. APPEAL AND ERROR ⟨=⟩1074(3)—MATTERS REVIEWABLE—WHAT ARE ERRORS.
A ruling that appellant was not a "married woman" within the purview of Code 1907, § 2879, as amended by Gen. Acts 1915, p. 715, and hence that she was not entitled to effect her appeal without giving security for costs, and without superseding the enforcement of the decree or judgment of which she complained, cannot be appropriately assigned as error; the remedy for review of such action being by mandamus.

2. JURY ⟨=⟩14(14) — EQUITY CASE — SUBMITTING QUESTIONS TO JURY.
Neither Gen. Acts 1915, pp. 279, 598, 608, 809-814, 824, 939-941, relating to blending of law and equity courts and practice therein, nor any other acts of 1915, changed the character of practice in equity cases, and in a suit in which decree was sought to be enforced by execution denial of a request that a contest of a claim of homestead exemption should "be tried by a jury in accordance with the provisions of section 4179 of the Code of 1907," was proper.

3. COURTS ⟨=⟩101 — HEARINGS — NUMBER OF JUDGES REQUIRED.
Gen. Acts 1915, p. 811, §§ 7, 9, 10, apply to the circuit court of Mobile, and a single judge could hear and decide a contest of homestead exemption in an equity case.

4. HOMESTEAD ⟨=⟩197—CONTEST—SERVICE ON ATTORNEY—SUFFICIENCY.
Service of a copy of the interrogatories upon an attorney who had represented judgment debtor by filing a demurrer to an affidavit of contest of homestead exemption, and who has since continued to represent such party in such proceeding, was effective.

5. HOMESTEAD ⟨=⟩197—CONTEST—INTERROGATORIES—TIME FOR FILING.
Where execution was levied April 20, 1916, claim of homestead exemption made May 5, 1916, affidavit of contest interposed May 18, 1916, return made, interrogatories filed May 24, 1917, and copy served May 31, 1917, the interrogatories were not prematurely filed.

6. EXEMPTIONS ⟨=⟩72—"DEBT"—"DEBT CONTRACTED."
Where decree charged one as trustee and commanded payment into court within ten days, otherwise execution would issue, the obligation to pay was not a "debt" or a "debt contracted"

[1] Ante, p. 337.

within statutes granting exemptions of property from levy and sale under legal process, and a contest of homestead exemption interposed by the trustee was properly sustained.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debt; Debt Contracted.]

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Suit by the Cunningham Hardware Company and others against Mary E. Kimball. Decree for complainants. From a ruling sustaining complainants' contest of homestead exemption interposed by defendant after levy of execution, defendant appeals. Affirmed.

Frederick G. Bromberg and J. Blocker Thornton, both of Mobile, for appellant. Inge & Kilborn, of Mobile, for appellees.

McCLELLAN, J. The meritorious subject of review on this appeal is the ruling of the judge of the circuit, sitting in equity, in sustaining the complainants' (appellees') contest of homestead exemption interposed by Mrs. Mary E. Kimball after levy thereon of execution issued against Mary E. Kimball, individually, under a decree in equity. The circumstances leading up to the decree to enforce which the execution issued are fully stated in the reports of former appeals. Kimball v. Cunningham Hardware Co., 192 Ala. 233, 68 South. 309; s. c., second appeal, 197 Ala. 631, 73 South. 323. Some preliminary questions are pressed upon this court's consideration. They will be first decided.

[1] It is insisted, as upon assignments of error made, that the court erred in its conclusion that the appellant was not a "married woman" within the purview of Code, § 2879, as amended by the act approved September 22, 1915 (Gen. Acts 1915, p. 715); and hence was not entitled to effect her appeal without giving security for costs and without superseding the enforcement of the decree or judgment of which she complains. The action of the court in this regard was inappropriately assigned for error. Johnson v. Ward, 82 Ala. 486, 2 South. 524. That ruling did not touch or relate to the decree brought under review. The appellants' remedy to effect review of that action of the court or judge was petition for the writ of mandamus. Johnson v. Ward, supra. After the court so ruled, the appellant gave security for costs and supersedeas, and the appeal is here.

[2] Mrs. Kimball filed a written request that the contest of her claim of homestead exemption should "be tried by a jury in accordance with the provisions of section 4179 of the Code of 1907." The court denied the request. The cause in which the decree was rendered, to enforce which the execution issued, was a cause in equity, a chancery cause. In such causes the trial of the contest of exemption is made subject, in terms by that section, to the direction of the chancellor; the circuit judge being now substituted for the chancellor. The act approved September 28, 1915 (Gen. Acts 1915, pp. 939–941) has application to civil actions at law and to the trial of misdemeanors, not to equity causes. The act approved September 25, 1915 (Gen. Acts 1915, p. 824) is applicable alone to "civil cases at law." A cause in equity is not a civil cause at law, within any of the Acts of 1915. The distinctive character of chancery or equity causes has not been changed by any of the laws enacted by the Legislature of 1915. To the contrary, the methods and practices prevailing in the courts of chancery at the time of the blending of the courts of law and chancery or equity (Gen. Acts 1915, pp. 279, 598, 608) were expressly preserved and continued (Gen. Acts 1915, pp. 809–814, particularly section 11; Gen. Acts 1915, p. 279 [§ 2], 598). The court correctly denied appellants' request for a trial by jury.

[3] The insistence that all of the judges of the Mobile circuit (three in number), instead of one of them, should have heard and decided the contest of exemption under review is manifestly without merit. Gen. Acts 1915, p. 811, §§ 7, 9, 10. The first cited act applies to the circuit court of Mobile. The affidavit of contest, filed by the attorney for the complainants, of the appellant's claim of homestead exemption conformed to the statute (Code, § 4173), and was not subject to appellants' demurrer.

[4] The service, on May 31, 1917, of the copy of the interrogatories by the complainants to Mrs. Kimball was effected upon the solicitor who, the record discloses, represented Mrs. Kimball in this claim and contest of homestead exemptions by filing on May 22, 1917 (nine days previously) demurrer in her behalf to the affidavit of contest interposed by the complainants, and who has since continued to represent Mrs. Kimball in the proceeding. The service upon the attorney was effective.

[5] The execution was levied on April 20, 1916. The claim of exemption was made May 5, 1916. The affidavit of contest of the claim was interposed on May 18, 1916, and appropriate return of the papers was made by the officer. Code, § 4177. The interrogatories were filed on May 24, 1917, and copy thereof served on the solicitor for Mrs. Kimball on May 31, 1917. The interrogatories were not prematurely filed.

[6] The decree, to enforce which the execution was issued, was entered November 2, 1915. It was therein adjudged and commanded as follows:

"It is further ordered, adjudged, and decreed that the said Mary E. Kimball be, and she is hereby, charged as trustee for the benefit of the complainants and such of the other creditors of Lee E. Kimball as have legally filed their claims in the probate court, and which may be duly proven in this court, to the full extent, as shown by the bill and evidence, of twenty-five thousand ($25,000.00) dollars, or so much thereof as may be necessary to pay the indebtedness of the said Lee E. Kimball, deceased, to the complainants and such other creditors of the said Lee E.

Kimball as have legally filed their claims in the probate court, and which may be duly established at the reference hereinafter ordered. * * * The said Mary E. Kimball is hereby required to pay into the registry of this court said sum of $25,000.00 and the costs of this cause within ten days from the date of this decree. It is further ordered, adjudged, and decreed that such portion of said $25,000.00 so paid in by the said Mary E. Kimball as is not needed to comply with this decree shall be returned to the said Mary E. Kimball. It is further ordered, adjudged, and decreed that if the said Mary E. Kimball shall fail to make such payment within the time fixed by this decree, execution shall issue for the collection thereof, and such other proceedings had as may be necessary to enforce its payment."

In the opinion of this court, affirming the quoted decree (197 Ala. 631, 635, 73 South. 323), it was declared that since Mrs. Kimball had the prima facie legal title to the proceeds of the insurance policies, the creditors of the decedent, not the personal representative who made no claim thereto, were entitled to invoke the powers of the court of equity to subject the excess of insurance money that was the product of premiums above the amount of insurance bought with premiums exempt under Code, § 4502. S. c., on former appeals noted above. As adjudged in the decree of November 2, 1915, Mrs. Kimball's relation to the sum found subject to the demands of the decedent's creditors was that of a trustee—a fiduciary relation of an unmistakable character. The obligation on her part to pay that sum into registry of the court, in accordance with the command of the court, was not a "debt" or a "debt contracted" within the provisions of the statutes granting exemptions of property from levy and sale under legal process. Her failure to pay into court the amount required by the decree within the time therein stipulated proved the necessity for the issuance of the execution and was a breach of her duty as trustee, and was a wrong against which exemptions could not be claimed. The action of the court in denying her right to claim exemptions in the circumstances was justified by the apt and manifestly sound authority afforded by Dangaix v. Lunsford, 112 Ala. 403, 20 South. 639.

There is no error in the record.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.