### Ex parte JOHNS et al. (6 Div. 955.)

(Supreme Court of Alabama. June 14, 1923.)

1. Appeal and error ⬤═══374(I)—Statute authorizing appeal by married women from judgment subjecting property to sale or condemnation held to apply only to their separate estates.

Acts 1915, p. 715, amendatory of Code 1907, § 2879, providing that, from any judgment or decree subjecting to sale or condemnation any property of or for the payment of money or the doing or performing of any act by any married woman, she is entitled to an appeal to the Supreme Court or Court of Appeals to revise such judgment, order, or decree without bond or security for costs, held to apply only to the separate estates of married women and not to confer a general exemption on married women as a class.

2. Appeal and error ⬤═══374(I)—Appeal by a married woman held not within statute authorizing appeal without bond or surety for costs.

Under Acts 1915, p. 715, amendatory of Code 1907, § 2879, providing appeal by married women from judgments subjecting property to sale or condemnation, without giving a bond or security for costs, an attempted appeal thereunder by a married woman from an order denying a motion to have a decree determining her rights in and to a trust agreement executed by her former husband, deceased, which trust was subject to the court's administration and direction, held abortive, and a motion invoking the court to proceed on the course defined in the decree should have been sustained.

Petition of Carl W. Johns and others for writ of mandamus to Hon. William M. Walker, Judge of the Tenth Judicial Circuit. Writ awarded.

---

⬤═══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Henry Upson Sims, Theo. J. Lamar, and George Bondurant, all of Birmingham, for petitioners.

Acts 1915, p. 715, merely enlarged section 2879 of the Code of 1907, which was section 3629 of the Code of 1886. Ex parte Tower, 103 Ala. 415, 15 South. 836. If there was doubt whether the property to be subjected or levied upon was the separate property of the married woman, the exception does not apply. Guy v. Lee, 80 Ala. 346; Cahalan v. Monroe, 65 Ala. 254.

Harsh, Harsh & Harsh, of Birmingham, opposed.

No brief reached the Reporter.

McCLELLAN, J. Original petition for writ of mandamus to require the respondent to vacate an order or decree, entered by him May 10, 1923, wherein the respondent denied the motion of relators to have the decree of April 20, 1923, enforced notwithstanding Mrs. Rose Johns Cannon's effort to appeal from that decree without giving security for costs; this in asserted virtue of the act approved September 22, 1915 (Gen. Acts 1915, p. 715), amendatory of Code, § 2879, which exempts married women from obligation to give security for costs on appeals falling within the purview of the provisions of the amendatory act. An effective appeal by a married woman operates, under the act, to stay or to suspend further proceedings in the premises, pending determination of the appeal. The controlling inquiry in this petition is whether Mrs. Cannon, a married woman, is entitled to the benefit of the provisions of the amendatory act of 1915, on an appeal from the decree of April 20, 1923? If so, her appeal was effected without giving security for costs of the appeal, and further action under the decree of April 20, 1923, was inhibited by the act. On the other hand, if the subject-matter of her appeal was not within the purview of the amendatory act of 1915, then her attempt to appeal was abortive, and the motion to proceed to enforce or administer the decree of April 20, 1923, was erroneously denied.

The subject of that decree's consideration and decision was the written agreement or trust instrument executed July 4, 1908, by L. W. Johns and his wife, Rose Johns (now Cannon), wherein the Birmingham Trust & Savings Company was constituted trustee of the corporate stock which L. W. Johns made the corpus of the trust estate, created with design to assure his wife an income in circumstances and upon contingencies defined in the trust instrument. The trust estate and the income produced thereby, in the hands of the trustee, were subject to the court's administration and direction. Through the decree of April 20, 1923, interpreting the trust instrument, the court determined matters to effects opposed to the view, interest, and contention asserted for Mrs. Rose Johns Cannon, and the result was to deprive her of what she conceived to be her just desert under the terms of the instrument establishing the trust.

The act of 1915—amendatory of Code, § 2879—reads:

"2879. *When Married Women May Appeal Without Giving Bond or Surety for Costs.*— From any judgment, order or decree of any court of record subjecting to sale or condemnation any property of or for the payment of money or the doing or performing any act by any married woman she is entitled to an appeal to the Supreme Court or Court of Appeals to revise such judgment, order or decree without giving security for the costs of appeal, on making affidavit that she is unable to give such security; and such appeal shall operate as a suspension and stay of all proceedings under such judgment, order or decree until such appeal shall be determined by the Supreme Court or Court of Appeals."

[1] The statute thus amended (section 2879) only applied to the separate estates of married women. The change wrought by the amendatory act is no broader than its language fairly imports. Ex parte Tower Mfg. Co., 103 Ala. 415, 420, 15 South. 836. The act does not purport to confer a general exemption upon married women as a class. The design is to confer its benefit or advantage upon married women in the circumstances, and only those, therein defined. The basis of the statute's operation is a judgment or decree subjecting property or money of a married woman or requiring a married woman to do or perform some act. There must be a sale or condemnation of property or money of the married woman; these conditions, alternatively expressed, contemplating a judicial appropriation or subjection through sale or condemnation of property or money to the discharge of an obligation, resting upon a married woman, adjudicated against a married woman. We find in the decree nothing to invoke these provisions of the amendatory act. No property or money of Mrs. Cannon was ordered sold, nor was any property or money, belonging to her, within the intent of the provisions of the act, condemned. No obligation resting on her was sought to be enforced by the mentioned decree.

[2] Within the contemplation of the last alternative provision of the act, did the decree in question exact of her "the doing or performance of any act"? We find in the decree no such exaction. A different construction of the trust instrument might have laid premises within the prescriptions of the amendatory act. However, that construction did not prevail in the decree of April 20, 1923.

The effort of Mrs. Cannon to appeal (without giving security for costs) being abortive, the motion invoking the court to proceed on the course defined in the decree should have

been sustained. The overruling of the motion was, for that reason, ill-advised. It should be annulled; and an appeal effected by Mrs. Cannon, if she so desires, without regard to the amendatory act. The writ of mandamus prayed is awarded; but it will not issue unless, as is not now anticipated, its issue is required.

Writ awarded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.