(98 South. 463)

## Ex parte BARKLEY. (3 Div. 643.)

(Supreme Court of Alabama. Dec. 20, 1923.)

**1. Ejectment ⟐165—Decree in equitable eject- ment, requiring surrender of possession, held appropriate.**

Where complainant's bill was in effect an equitable action of ejectment, a decree requir- ing defendant to deliver up possession was with- in the necessary intendment of the decree can- celing her deed, and entirely appropriate.

**2. Appeal and error ⟐389(1)—Decree against married woman held one from which she would have been entitled to appeal without giving security for costs.**

A decree against a married woman, in equi- table ejectment, canceling her deed and order- ing her to deliver possession to complainant, *held*, within Code 1907, § 2879, as amended by Acts 1915, p. 715, exempting a married woman in certain cases from giving security for ap- peal costs on making affidavit of her inability to give security.

**3. Appeal and error ⟐389(1)—Filing of affi- davit of inability to give security held not to supersede decree where security previously filed.**

It appearing that a married woman was able to give security for appeal costs, from the fact that she did, her subsequent affidavit that she was a married woman and unable to give bond for supersedeas, *held*·not to super- sede the decree appealed from, under Code 1907, § 2879, as amended by Acts 1915, p. 715.

Original petition by Fannie M. Barkley for writ of mandamus to Hon. Walter B. Jones, as Judge of the Circuit Court, Montgomery County. Writ denied.

W. A. Gunter, of Montgomery, for peti- tioner.

The petitioner is entitled to the benefit of section 2879 of the Code, as amended by Acts 1915, p. 715. Peters v. Schuessler, 208 Ala. 627, 95 South. 26.

W. A. Jordan, of Montgomery, for respond- ent.

The facts in this case do not bring the pe- titioner within the provisions of the statute. Code 1907, § 2879, as amended; Peters v. Schuessler, 208 Ala. 629, 95 South. 26; Ex parte Johns, 209 Ala. 638, 96 South. 888; Ex parte Hood, 107 Ala. 524, 18 South. 176; Betts v. Cobb, 121 Ala. 157, 25 South. 692.

SAYRE, J. B. F. Boyd and another, on bill filed and issue joined, had decree (September 4, 1923) against petitioner, Fannie M. Bark- ley,.canceling and annulling a deed by which Elizabeth V. Videtto had undertaken to con- vey a certain parcel of realty to petitioner, and ordering that petitioner within 10 days surrender and deliver the property to com-

plainants. On September 13, following, de- fendant in the trial court, petitioner here, took an appeal by filing security for costs of appeal. Thereafter, September 17, 1923, the court by agreement of the parties rendered a decree in part as follows:

"The parties in open court, by their respec- tive solicitors, having agreed hereto, it is or- dered, adjudged and decreed by the court that jurisdiction of this matter be retained for de- termination by the court, as to whether the respondent, Mrs. Barkley, a married woman, is entitled to the benefit of the provisions of section 2879 of the Code, as amended by Acts 1915, p. 715, and whether she should be re- lieved from giving a supersedeas bond. The respondent, Mrs. Barkley, shall have until September 21, 1923, at 10 o'clock, a. m. to sub- mit to the court an affidavit that she is un- able to give such security, and thereupon the court shall proceed to determine whether, un- der the provisions of section 2879, as amend- ed, she should give such security. If the court shall rule that a supersedeas bond is neces- sary, then the respondents either agree that, pending the determination of such appeal, and until the appellate court shall make an order in the premises that they, the respondents, will pay to the complainants monthly the rents re- ceived from said property, or deliver to the complainants the possession of the property ·itself, as complainants may elect, and in the event possession is delivered it is agreed and understood that such possession shall be held by complainants subject to any orders and judgments of the Supreme Court.

"All other questions are specially reserved for further decree."

Thereafter, on the same day, petitioner fil- ed her affidavit to the effect that she was a married woman and wholly unable to give bond for the supersedeas of said decree, claiming the benefit of section 2879 of the Code, as amended by the act of September 22, 1915 (Acts 1915, p. 715). September 29, fol- lowing, the court decreed that section 2879 of the Code, as amended, had no application, and that the decree dated September 4, 1923, had not been superseded. At the same time the court proceeded to consider a report by the register, dated September 8, 1923, and rendered judgment in favor of complainants and against petitioner for a large sum of money; the same being constituted of the rental value of the property while in posses- sion of petitioner and certain mortgage debts imposed upon the property by petitioner in favor of bona fide mortgagees.

Petitioner in this proceeding prays for a writ of mandamus, requiring the circuit judge to vacate so much of his decree of September 29, adjudging that petitioner was not entitled to the benefit of section 2879, as amended, and that the trial judge should treat petitioner's affidavit of September 17, 1923, as having the effect of a supersedeas.

[1, 2] It is not doubted that the decree can- celing the conveyance, in virtue of which pe-

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

titioner has claimed ownership of the property, and ordering the delivery of possession was a decree against which, on appeal, petitioner, proceeding according to section 2879 of the Code, as amended by the act of September 22, 1915, would have been entitled to the benefit of that section. Complainants' bill was in effect an equitable action of ejectment, and the decree requiring that defendant, petitioner, deliver up possession was within the necessary intendment of the decree canceling defendant's muniment of title, and entirely appropriate as securing to complainants the substance of the relief sought. The decree was for the performance of an act by defendant, a married woman, a decree on which she was entitled to an appeal. Nothing to the contrary was said in Ex parte Johns, 209 Ala. 638, 96 South. 888. In that case the decree which the married woman sought to review without security for costs required nothing of her, it merely interpreted the provisions of a deed of trust. The court held that the decree furnished no occasion for an invocation of the amendatory act. Responding no doubt to the argument advanced, the court said that by the decree—

"No property or money of Mrs. Cannon [appellant] was ordered sold, nor was any property or money, belonging to her, within the intent of the provisions of the act, condemned."

Its further language, viz. "no obligation resting on her was sought to be enforced by the mentioned decree," may very well have been intended to cover the remaining alternative of the statute, viz. "the doing or performing any act by a married woman." When regard is had to the subject of the decree in that case there can be no reason for doubting the correctness of the decision nor any for holding that it furnishes an analogy serviceable in the case now presented for decision. However, the general proposition was laid down that "the change wrought by the amendatory act is no broader that its language imports." Neither Kimball v. Cunningham Hardware Co., 201 Ala. 409, 78 South. 787, nor Peters v. Schuessler, 208 Ala. 627, 95 South. 26—in which last named case Cole v. Law, 200 Ala. 697, 76 South. 995, was reviewed—sheds any light upon the question here involved.

[3] From the record it appears that petitioner was able to give security for the costs of appeal, for she gave such security. Her affidavit was that she was "totally unable to give bond for the supersedeas of said decree." The real purpose of the present proceeding is to evoke a decision to the effect that petitioner's affidavit operated to supercede the decree appealed from. The question for decision then is, Did it so operate under the amended statute? It is not doubted that, had petitioner in the first place made affidavit that she was unable to give security for costs, the decree would thereby have been superseded. This construction, so far as concerns the class of judgments affected by the statute, does not extend the statute beyond the terms employed, and is not out of line with the decisions in Cahalan v. Monroe, 65 Ala. 254; Ex parte Tower Manufacturing Co., 103 Ala. 415, 15 South. 836; and Ex parte Johns, supra. But, concerning the means by which the statute is to be invoked, it must be observed, as we have already indicated, that petitioner was unable to make the only affidavit designated or contemplated by the statute, and, quoting Cahalan v. Monroe, supra:

"The statute must not, by construction, be strained to meet cases not within the fair meaning of its terms, which are plain and unambiguous, because it may be supposed such cases are equally meritorious, and entitled to as great consideration from the Legislature, as those which are embraced by its words,"

citing Coleman v. Smith, 52 Ala. 261, where it was said:

"And we think this statute, which is to suspend and supersede, without an indemnifying security, the execution of judgments and decrees, by which the rights of parties have been determined after judicial investigation, ought not to be strained by construction so as to reach cases not within the plain meaning of its terms."

It results from what has been said and the authorities considered that the petition for the writ of mandamus must be denied.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.