(105 So. 169)

### BROWN v. BROWN. (7 Div. 27.)

(Court of Appeals of Alabama. Oct. 7, 1924. Rehearing Denied October 28, 1924. Motion Overruled on Mandate March 25, 1925.)

Appeal and error ⟪⟫374(1)—Statute authorizing appeal by married woman without bond, from judgment subjecting property to sale or condemnation, held not to apply to simple judgment in personam for assault and battery.

Acts 1915, p. 715, amendatory of Code 1907, § 2879, providing that, from any judgment or decree, subjecting to sale or condemnation any property of, or for the payment of money or the doing or performance of any act by, any married woman, she is entitled to an appeal to the Supreme Court or Court of Appeals to revise such order, judgment, or decree without supersedeas bond, held to apply only to judgment or decree affecting estate of married woman in the nature of a judgment in rem, and not to apply to a simple judgment in personam for assault and battery.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by Isaac Brown against Victoria Brown. Judgment for plaintiff, and defendant appeals. Appeal dismissed. Certiorari granted by Supreme Court in Ex parte Brown, 213 Ala. 7, 105 So. 170.

See, also, Brown v. Brown, 213 Ala. 339, 105 So. 171.

Culli & Hunt, of Gadsden, for appellant.

Defendant is entitled to appeal from the judgment in this case without giving security for costs. Acts 1915, p. 715; Ex parte Barkley, 210 Ala. 466, 98 So. 463.

Dortch, Allen & Dortch, of Gadsden, for appellee.

A general personal judgment is not within the terms of the exemption statute. Acts 1915, p. 715; Ex parte Johns, 209 Ala. 638, 96 So. 888; Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836; Peters v. Chas. Schuessler & Sons, 208 Ala. 627, 95 So. 26; Cole v. Law, 200 Ala. 697, 76 So. 995.

SAMFORD, J. Plaintiff recovered a judgment by default in the circuit court of Etowah county against Victoria Brown, a married woman. The judgment is based upon a complaint claiming damages for an assault and battery, and purports to be a personal judgment against the defendant for $750. The defendant made affidavit, and seeks to perfect an appeal to this court under Acts 1915, p. 715, amendatory of section 2879, of the Code of 1907, without giving the usual supersedeas bond. Motion is made to dismiss the appeal.

This necessitates a construction of the amendatory act (Acts 1915, p. 715, supra), which reads as follows:

"That section 2879 of the Code of Alabama be and the same is hereby amended so as to read as follows: 2879. When married women may appeal without giving bond or surety for costs.—From any judgment, order or decree of any court of record subjecting to sale or condemnation any property of or for the payment of money or the doing or performing any act by any married woman she is entitled to an appeal to the Supreme Court or Court of Appeals to revise such judgment, order or decree without giving security for the costs of appeal, on making affidavit that she is unable to give such security; and such appeal shall operate as a suspension and stay of all proceedings under such judgment order or decree until such appeal shall be determined by the Supreme Court or Court of Appeals."

The material distinction between the original Code section, supra, and the amendatory act above quoted, is the interpolation in the latter act of the words "or for the payment of money." This amendatory act was the subject of construction in the case of Ex parte Johns, 209 Ala. 638, 96 So. 888, where the Supreme Court said:

"The statute thus amended * * * only applied to the separate estates of married women. The change wrought by the amendatory

---

⟪⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

21 ALA.APP.—1

act is no broader than its language fairly imports,"

—citing with approval Ex parte Tower Manufacturing Co., 103 Ala. 415, 15 So. 836, in which case the exemptions from giving appeal bonds by married women is limited to judgments and decrees affecting separate estates of married women in the nature of judgments in rem. Ravisies v. Stoddart, 32 Ala.,599. In the Tower Case, supra, a distinction is made as to personal judgments and decrees which do not subject, expose, or make liable to sale her estate. And the opinion proceeds to give warning that:

"The statute must not, by construction, be strained to meet cases not within the fair meaning of its terms."

Then follows:

"The decree of the city court is an ordinary decree for the recovery of money, affecting and binding * * * personally."

Following this decision, the court, in Ex parte Johns, says:

"The basis of the statute's operation is a judgment or decree subjecting property or money of a married woman or requiring a married woman to do or perform some act."

The reasoning of the court, in the Johns Case, follows that of the court in Ravisies v. Stoddart, supra, in which it is held that the statute contemplates a judgment or decree in the nature of a judgment in rem and not a simple judgment in personam.

It follows that the motion must be granted, and the appeal is dismissed.

Appeal dismissed.

PER CURIAM. Motion to dismiss overruled, on authority of Ex parte Brown, 213 Ala. 7, 105 So. 170.