(104 So. 916)

BARCLAY v. B. F. SHOOK. (8 Div. 765.) (Supreme Court of Alabama. June 11, 1925.) Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge. Petition of D. E. Barclay, as trustee in bankruptcy of the es-

tate of W. E. Lester, for mandamus to B. F. Shook, as Register of the Circuit Court. From a judgment or decree denying the writ, petitioner appeals. Affirmed.

Proctor & Snodgrass and D. P. Wimberly, all of Scottsboro, and S. A. Lynne, of Decatur, for appellant.

In a case of this kind it is necessary that security for costs be given. Ex parte Barkley, 210 Ala. 466, 98 So. 463; Guy v. Lee, 80 Ala. 346; Cahalan v. Monroe, Smaltz & Co., 65 Ala. 254; Coleman v. Smith, 52 Ala. 259.

R. E. Smith, of Huntsville, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. In a proceeding brought to the equity side of the circuit court of Jackson by D. E. Barclay, trustee in bankruptcy, for the use and benefit of the creditors of W. E. Lester, it was decreed that a conveyance of land made by Lester to Beatrice H. Lester, his wife, be canceled as in fraud upon creditors, that the conveyance be delivered up to the register for cancellation, and that the register proceed to sell at public sale the property concerned as provided by the decree. Beatrice H. Lester made affidavit as prescribed by section 6138 of the Code of 1923, and thereafter the register considered the decree as superseded, and treated the cause as pending on appeal in this court. But complainant, Barclay, considering that no supersedeas had been effected, applied to the circuit court for a writ of mandamus to compel the register to proceed with the execution of the decree; i. e., expose the property for sale as directed by the decree. The writ was denied, and petitioner appeals. The judgment of the circuit court in the premises is due to be affirmed. The case presented is on all fours with Ex parte Barkley, 210 Ala. 466, 98 So, 463, from which we discover no reason for departing. Appellant relies upon the decision in Guy v. Lee, 80 Ala. 346, and two or three cases of even earlier date. Those cases are not in point, for the reason that since their time, viz. Acts 1915, p. 715, the act authorizing appeals by married women without security for costs has been amended, as now appears in section 6138, supra, so as to include judgments, orders, or decrees of any court of record for "the doing or performing any act by any married woman," and in Ex parte Barkley, supra, it was considered that this amended statute governed cases of this character. Decrees of this sort were likened to judgments in ejectment, having the same effect in substance and falling under the reason of the statute. In this particular case it appears that the complainant in equity had a decree for the recovery of land and for the performance of the specific act of delivery up of title deeds, thus bringing the case within the reason and letter of the statute. The circuit court correctly denied the application for the writ of mandamus. Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.