# Stone *et al.* v. Knickerbocker Life Insurance Company *et al.*

### *Creditors' Bill to subject Money due on Policies of Insurance.*

1. *Multifariousness; who can raise objection on ground of.* — A bill may be multifarious as to one or more defendants without being so as to others, and only those defendants as to whom the bill is multifarious can avail themselves of an objection to it on that ground.

2. *Insurance on life of husband; how far statute protects.* — The statute authorizing insurance on the life of the husband for the wife's benefit, the premiums being paid by him, exempts from claims of creditors only so much insurance as is paid for by such premiums to the extent of five hundred dollars per annum. If the aggregate amount of annual premiums paid out of the husband's funds exceed five hundred dollars, the excess of insurance is liable for the payment of the husband's debts, without regard to the number of policies by which the insurance is effected.

3. *Multifariousness; what bill not demurrable for.* — A bill filed by creditors of the husband against the personal representative of the husband and wife, and their children and distributees, and also against two insurance companies, in each of which the husband's life was insured for the benefit of his wife and children, charging that he had paid therefor more than five hundred dollars annually out of his own funds, &c., and praying for an account, and that the excess of insurance paid for by annual premiums over five hundred dollars be decreed liable for the satisfaction of debts and distributed accordingly, is not multifarious.

APPEAL from Chancery Court of Mobile.

Heard before Hon. ADAM C. FELDER.

The appellants, who are simple contract creditors of W. B. Drake, who died intestate and insolvent, filed this bill, in behalf of themselves and other creditors, to subject to the satisfaction of their debts the sums due on two policies of insurance for $10,000 each, issued on the life of said Drake, by the "Continental" and the "Knickerbocker" life insurance companies, in favor of his wife and children.

The bill charges that at the time of effecting the insurance,

as well as at the time of his death, Drake was insolvent and largely indebted ; that the insurance was effected by him with the intent to hinder, delay, and defraud creditors ; that the annual premiums on these two policies, which amounted to the sum of $1,149, was paid by the husband wholly out of his own funds, and that the creditors are entitled to subject to the satisfaction of their demands all the insurance over and above that purchased by annual premiums of $500. Waller administered upon the husband's estate and became administrator of the wife, who was also dead, but he refused to demand payment of the amount due on the policies or to treat it as assets of the estate. Waller, as administrator of each estate, and the children and distributees of Mr. and Mrs. Drake, together with the two life insurance companies, were made defendants to the bill.

It prayed an injunction to prevent the insurance companies paying over the money and directing its payment to the administrator for distribution among creditors, and that the whole amount due on the policies, and if not so much, then all the insurance paid for by premiums in excess of $500 per annum, be decreed subject to the satisfaction of complainants' claims, &c.

There were answers by some of the defendants, decrees *pro confesso* as to others, and two of the defendants, the Continental Life Insurance Company and S. C. Sheppard, who was husband of one of Drake's daughters, demurred to the bill on several grounds, and among others that it was multifarious.

The chancellor dismissed the bill without prejudice, reciting in his decree that the bill was multifarious, and " on that ground the said demurers are sustained."

THOS. H. HERNDON and JOHN T. TAYLOR, for appellants. — The objection of multifariousness " is always discouraged where instead of advancing it would defeat justice." *Kennedy* v. *Kennedy*, 2 Ala. 609. The bill is in the nature of a creditors' bill, and it is not improper to make all the debtors of the defendant parties. 11 Ala. 448. There is but one fund here, and both debtors are chargeable alike. The two insurance companies were properly joined. 11 Ala. 448 ; 30 Miss. 472 ; 27 Miss. 234. Any other procedure would tend to the subversion of justice, and entail a needless multiplicity of suits.

W. P. & J. WEBB, *contra.* — The defence of all the defendants does not "centre in the same issue." 42 Ala. 297. A part of the defendants have no interest in the main question to be litigated. *Hardin* v. *Swoope*, 47 Ala. 273. Why require the insurance companies to pay for the costs of litigating

[Stone *v.* Knickerbocker Life Insurance Company.]

the *intent* with which the policies were procured, in event complainants obtain a decree ? They have no necessary connection with the other matters involved.

BRICKELL, C. J. — The appellants, claiming to be creditors of William B. Drake, deceased, who is averred to have died intestate and insolvent, filed this bill against the " Knickerbocker Life Insurance Company," the " Continental Life Insurance Company," and others, seeking to subject to the payment of their demands the sums due on policies of insurance, issued by said companies to the wife and children of said decedent, on his life. The policies were issued at different times, and were separate transactions. The bill is framed in view of the statute, R. C. § 3539 H. p. 672, which authorizes a married woman to insure the life of her husband, free from the claim of his representatives or creditors, *provided*, that if the husband pays annually premiums above the amount of five hundred dollars from his own funds or property for such insurance, then such exemption of liability to his creditors or representative shall obtain only in the proportion of five hundred dollars to the amount of premiums paid for such insurance. The bill alleges that each annual payment exceeded five hundred dollars. Two of the defendants only, Samuel C. Sheppard and the " Continental Life Insurance Company," interposed demurrers, assigning among other causes that the bill was multifarious in uniting in one suit the claim against two insurance companies, resting on separate and distinct policies. On this ground alone the demurrer was sustained, and the bill dismissed without prejudice. Sustaining the demurrer and dismissing the bill is now assigned as error.

The defendant Sheppard is the husband of the daughter of the said William B. Drake, who died in his life, and in the life of his wife; and otherwise than as husband, it is not averred he has any right in, or connection with, the subject-matter of the suit. Whether he was a proper party to the bill is not a matter presented for consideration. So far as he is concerned, the only inquiry is whether, if the bill is ·multifarious in the respect pointed out, it is an available objection to him. The bill may be multifarious as to one or more defendants, without being so as to others. When such a case is presented, the objection can only be taken by the defendants who are affected by it, on the same principle that a misjoinder of defendants is available only to the parties improperly joined. 1 Daniel Ch. Pr. 337, n. 3; *Attorney General* v. *Craddock,* 8 Simons, 466; *Warthen* v. *Brantley,* 5 Georgia, 571. If Sheppard has any right, it is the same in each policy of insurance, derived in the same capacity, and capable of assertion on the same

facts. The bill proposing a distribution of the funds arising from the policies, if entitled to share in the distribution, it was proper he should be in court to attend to it. As to him, the case is as capable of prosecution in one as in two suits; and it would be useless to compel the institution of more than one to adjust his rights, all of which can be fully protected without it. His demurrer was not maintainable on this ground.

The object of the statute is to·authorize an insurance on the life of a husband and father, for the benefit of his surviving wife and children, freed from the claims of his creditors. To these he owes the duty of maintenance and protection. The statute intended to guard against the perversion of this right or privilege into the means of defrauding creditors. Therefore, a limit is fixed beyond which he cannot pass, in paying premiums for such insurance from his own funds or property, which, in the absence of the statute, should have been appropriated to his creditors. If the limit is exceeded, the statute intervenes and devotes the excess of insurance which may be realized to the payment of his debts. It is not important whether more than one policy, or how many policies may be obtained, if the aggregate of premiums paid on the whole exceeds five hundred dollars, the rights of the creditors arise. The excess, above what five hundred dollars of annual premiums obtained, is withdrawn from the exemption. Otherwise, the fraud against which the statute intended to guard could be perpetrated with impunity. Several policies, the annual premiums on no one of which would exceed five hundred dollars, yet reaching that sum, might be taken, and the exemption allowed claimed as applying to each. In such case, the creditors seeking to condemn to the satisfaction of their demands the excess of insurance, purchased with the premiums above five hundred dollars, must bring before the court all the insurers. In no other way could they obtain the full measure of their rights. There is a common liability to the creditors resting on them. This case is of that character. To the claims of creditors the whole of the insurance purchased, except so much as was purchased with annual premiums not exceeding five hundred dollars, is subject. Though the policies are separate and distinct contracts, it is necessary to the complainant's relief that each insurer should be before the court, and the amount due from each collected, that the aggregate sum to be distributed to the insured and the creditors may be adjusted. It is a general rule in courts of equity, that a bill is not multifarious which unites several matters distinct in themselves, but which together make up the complainant's equity and are

[Walker v. Tyson.]

necessary to complete relief. 1 Daniel Ch. Pr. 339 (n. 1). The bill is not subject to the objection of multifariousness.

We do not pass any opinion on the other grounds of demurrer assigned. They do not appear to have been passed on by the chancellor, and are not before us for consideration.

The decree is reversed and the cause remanded.