# Tompkins *v.* Levy & Brother.

*Bill in Equity by Creditors of Husband, to subject Proceeds of Policy of Insurance in favor of Wife and her Heirs.*

1. *Insurance on life of husband, for benefit of wife and children, or heirs; validity as against creditors.*—Under statutory provisions (Code, 1876, §§ 2733–4), since changed in phraseology (Code, 1886, §§ 2356), the husband might insure his own life in favor of his wife, paying annual premiums not more than $500, and might make the policy payable to her children, in the event of her death before his; and these statutory provisions operating in the nature of an exemption law, the proceeds of the policy could not be subjected by creditors to the payment of the husband's debts. But the interest of the wife terminated, on her death before her husband; and the policy being made payable to "her heirs, executors or assigns," her children acquired no interest which could prevail against the husband's creditors, on his subsequent death.

2. *Same.*—Where the husband takes out a policy of insurance on his own life, in favor of his wife, "her heirs, executors, or assigns," paying the premiums with his own funds, a provision to the effect that, after the expiration of fifteen years, on surrender of the policy, none of its provisions having been violated, the company would pay to him, his heirs, executors or assigns, the equitable value of the policy, "as an endowment in cash," is the reservation of a benefit to himself, and renders the policy fraudulent as against his creditors.

3. *Parties to bill.*—The personal representative of the deceased husband, though he might be a proper party, is not a necessary party to a bill filed by creditors, seeking to subject the proceeds of a policy of insurance on his life, as against the claims of his children, to the payment of their debts.

4. *Action by partnership.*—A suit may be maintained in the name of a late partnership, stating the names of the late partners, notwithstanding its dissolution.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 22d September, 1888, by M. Levy & Brother, "a late mercantile partnership, which was composed of Maurice Levy and Samuel Levy," as creditors of Milton J. Brasfield, deceased, against Margaret J. Tompkins, as the administratrix of his deceased wife, Mrs. Sallie A. Brasfield, and their two infant children, Kate and Sallie Brasfield; and sought to reach and subject, in the hands of said administratrix, the proceeds of a policy of insurance which said Milton J. Brasfield had effected on his own life, to the payment of complainants' debts against him or his estate. The policy, which was for $5,000, was issued in July, 1878, by the Mobile Life Insurance Company, and was made payable to Mrs. Sallie A. Brasfield, "her heirs, executors, or assigns," the annual premium being $113.50; and it contained the following (with other) provisions: "The said company do further promise and agree within ninety days after the expiration of fifteen years from the date of this policy, or within ninety days after the expiration of any subsequent period of five years, and on surrender of same properly receipted, provided all the stipulations, conditions and agreements herein contained shall have been duly observed, to pay to said Milton J. Brasfield, his heirs, executors or assigns, at their office in the city of Mobile, the full equity, or interest of said policy in the assets of the company, as an endowment in cash. . . The surplus arising from the payments of all members of the life endowment class of 1878, in which this policy is included, shall be kept intact and accumulated by the said company for fifteen years; at the expiration of which time, or in 1893, said accumulated surplus shall be wholly and exclusively divided, in equitable proportions, among the surviving members of said class; that is to say, among those members who have survived the said period of fifteen years, in each case from date of the issue of the policy, and who have complied with

[Tompkins v. Levy & Brother.]

all the conditions and agreements herein contained, and who have paid each year the stipulated premiums."

Milton J. Brasfield died about February 10th, 1887, and the bill alleged that his wife had died about eight years before. At the time of his death, said Brasfield was indebted to complainants in the sum of $978.48, balance due on account. He had commenced dealing with them in 1877, and the balance due at the end of each year was carried forward into the account of the next year. In addition to this balance, the complainants had bought from Arrington & Steinhart an account against him for $61.24. After the death of said Milton J. Brasfield, letters of administration on the estate of his deceased wife were granted to said Margaret J. Tompkins, and the proceeds of the policy of insurance were paid to her. It was alleged that the estate of said Brasfield was insolvent, and that he was insolvent for several years before his death. It was alleged, also, that said Brasfield kept up said policy after the death of his wife, "paying the annual premiums out of his own funds, or with funds advanced to him by your orators for that purpose, as hereinafter stated, up to the time of his death;" and in a subsequent paragraph it was alleged, with particularity, that the balance of the account due to complainants at the end of each year included the annual premium advanced to or for him by them; but the averments of this latter paragraph were struck out by amendment, after demurrer was filed. It was alleged, also, that letters of administration on the estate of said M. J. Brasfield had been granted to one of the complainants, and the bill asked the appointment of an administrator *ad litem* to represent his estate.

A demurrer to the bill was filed by the administratrix of Mrs. Brasfield, assigning these specific grounds: 1st; "because the bill is filed in the name of a mercantile partnership which did not then exist;" 2d, "because the premiums paid by said Brasfield to keep up said policy, were paid with the knowledge, consent and assistance of complainants, and, therefore, was no fraud upon them;" 3d, "because the administrator of said M. J. Brasfield has not been made a party;" 4th, "because said policy was taken out by said Brasfield for the benefit of his wife, and the annual premiums paid by him were less than $500, and hence the proceeds of said policy are not liable to the claims set up in the bill."

The chancellor overruled the demurrers, and his decree is now assigned as error.

[Tompkins v. Levy & Brother.]

AUSTILL & ERVIN, for appellant.—(1.) The policy was clearly intended for the benefit of the wife, or of the wife and children, and it must be construed liberally, to advance the known policy of the statute.—*Felrath v. Schonfield*, 76 Ala 202. The word *heirs* is without meaning, unless it is construed to mean *children*, as it is frequently construed in wills.—*Braden v. Cannon*, 1 Grant's Cases, 60; *King v. Beck*, 15 Ohio, 559; 5 Ind. 283; *Collier v. Collier*, 3 Ohio, N. S. 369; 1 Sneed, 1; 2 Redf. Wills, 390, note; *Gould v. Emerson*, 99 Mass. 154; Stewart on H. & W., § 133. (2.) The policy could not operate a fraud on the complainants, when, as they allege, they furnished the money to pay the annual premiums.

GREG. L. & H. T. SMITH, *contra.*—(1.) The bill was properly filed in the name of the late partnership.—1 Lindley on Partnership, 266, ed. 1888; *Sims v. Jacobson*, 51 Ala. 186; *Davidson v. Weems*, 58 Ala. 189. (2.) In the absence of any statute on the subject, the policy would be subject to the debts of the husband, as a voluntary conveyance; and if it does not conform substantially to the provisions of the statute, it is equally subject to his debts.—*Insurance Co. v. Webb*, 54 Ala. 702; *Fearn v. Ward*, 80 Ala. 558. But the policy is not protected by the statute. It is not made payable to the wife, "in case she survives him," nor is it made "payable after death to her children;" but it is payable to her, "her heirs, executors or assigns." The word *heirs*, when applied to personalty, means *distributees;* and the policy must be read as if payable to the wife, "her executors or assigns."—*Scudder v. Van Arsdale*, 13 N. J. Eq. 110; 88 Ill. 251; 13 Bush, Ky. 489; 13 Daly, N. Y. 522; 1 Hun, N. Y. 601. If the children take any interest in the policy, it is not under this special exemption statute, but as distributees of their mother's personal estate.

SOMERVILLE, J.—The purpose of the bill is to subject the proceeds of a policy of insurance on the life of Milton J. Brasfield, deceased, to the payment of certain debts of the decedent. The policy was made payable to his wife, "Sallie A. Brasfield, her *heirs*, executors, or assigns." The premiums were paid by the assured out of his own funds. He died in the year 1887, having survived his wife about eight years, she having deceased in the year 1879, leaving two minor children. It is claimed that these children are entitled to

the fund, under the provisions of sections 2733 and 2734 of the Code of 1876, authorizing married women to insure the lives of their husbands free from the claims of creditors, or the claims of the husband's personal representatives. The word "heirs," it is contended, must be construed to mean "children;" and such a construction is asserted, to entitle the two children to the fund under the statute.

It is manifest that the fund is liable to the claims of the husband's creditors, unless it is rescued from such liability by the terms of the statute, which we have held to be in the nature of an exemption law, and, for this reason, to be liberally construed to effect the purpose of its enactment —*Fearn v. Ward*, 65 Ala. 33: s. c., 80 Ala. 555; *Felrath v. Schonfield*, 76 Ala. 199; s. c., 52 Amer. Rep. 319; *Continental Life Ins. Co. v. Webb*, 54 Ala. 688; *Appeal of Elliott's Ex'rs*, 88 Amer. Dec. 525, 531, *note*.

The statute provides, that a policy of insurance taken out under its provisions, on the husband's life, for the benefit of the wife, shall be payable to her, "in case of her *surviving her husband.*"—Code, 1876, § 2733. It is further declared, in the following section, that "in case of the death of the wife, before the decease of the husband, the amount of the insurance *may* be made payable after death to her children, for their use, and to their guardian, if under age."—Code, 1876, § 2734.

The wife here has not survived her husband, and there is no clause in the policy making the amount of the insurance payable to the children in case of her death before his decease. It is too plain to admit of argument, that the statute does not, *proprio vigore*, make such policies payable to the children, on the death of the wife before the husband, irrespective of the contract, but it only authorizes such a provision to be incorporated in the contract of insurance, so as to rescue such contract from the taint of fraud, and exempt the proceeds of the policy from liability to creditors or administration.

It is equally obvious, that by the terms of the statute the wife's interest is contingent on her surviving her husband, and in event of her death before his it is gone. The New York statute of 1840, from which our own is substantially copied, has been construed by the Court of Appeals of that State to be enabling, and not declaratory of the common law. In *Eadie v. Slimmon*, 26 N. Y. 9; s. c., 82 Amer. Rep. 395, after holding that a policy upon the life of the husband,

for the benefit of the wife, could not be assigned so as to destroy the right of the wife—a point as to which we intimate no opinion—the following language was used by Denio, C. J.: "By the general rules of law, a policy on the life of one sustaining only a domestic relationship to the insured would become inoperative by the death of such insured in the life-time of the *cestui que vie;* or, if it could be considered as existing for any purpose after that event, it would be for the benefit of the personal representatives of the insured; but, by this act, the contract may be continued in favor of the children of the insured wife, after her death."

. The Connecticut statute is substantially like that of New York and Alabama. In *Connecticut Mut. Life Ins. Co. v. Burroughs,* 34 Conn. 305; s. c., 91 Amer. Dec. 725, it was said, that while the doctrine of *Eadie v. Slimmon,* 26 N. Y. 9, *supra,* as to the non-assignability of such policies, seemed reasonable and just, where the husband paid the premiums; yet, where the wife paid them from her own separate estate, it was difficult to suggest a reason why she should not have the same power to assign her interest in the policy that she has to assign any other *chose* in action belonging to her. Nevertheless, it was decided, where she attempted to make such assignment, her interest being contingent on her surviving her husband, and she having died before he did, her interest terminated, and her assignee acquired nothing under the assignment. To the same purport is the reasoning upon which the decision of this court rests in *Continental Life Ins. Co. v. Webb,* 54 Ala., *supra.* See, also, May on Insurance (2d Ed.), § 391; and *Appeal of Elliott's Ex'rs,* 88 Amer. Dec. 532, *note.*

We hold that, upon the death of Mrs. Brasfield, her interest in the policy of insurance on her husband's life ceased.

Was it continued by the terms of the statute, for the benefit of her children? Under the most liberal construction of the statute which we feel authorized to give it, we can not hold that it was. It could lawfully have been made payable to the children upon the death of the wife, but it is sufficient to say that it was not so made. The word "heirs," as used in the policy, must, under all the authorities, be construed with reference to the species of property which is the subject of disposition, whether real or personal; and when used with reference to personal property, it must be held to mean distributees, or next of kin. This is especially so, when associated with the words "executors," and "assigns."

*Scudder v. Van Arsdale*, 13 N. J. Eq. 109; *Hodges' Appeal*, Pa. 9 Ins. L. J. 709; *Kaiser v. Kaiser*, 13 Daly, 522; *Cushman v. Horton*, 1 Hun, N. Y. 601; *Gauch v. St. Louis Mut. Life Ins. Co.*, 88 Ill. 251. And while it is true that the children might be distributees of their mother's estate, they could only be so in the event that her interest in the fund did not terminate on her death. But, having terminated, it could not pass to her estate, or distributees, in the order of usual succession. The interest of the distributees, being derived through her, was also contingent on the wife's surviving the husband, which, as we have seen, never happened. *Fuller v. Linzee*, 135 Mass. 468.

We might or might not construe the statute in like manner, if the premiums on the policy had been paid with funds belonging to the wife's separate estate. But, in this case, they were paid with the husband's funds, and we confine the construction to the case before us. The phraseology of the new Code, it will be noticed, has been materially changed in several particulars touching this matter.—Code, 1886, § 2356.

There is another feature about this policy, which stamps it as fraudulent against creditors, and takes it out of the protection of the statute. It is the interest which Milton Brasfield reserved to himself, in the event of his surviving for fifteen years after its issue. It is expressly provided, that after the expiration of this number of years, on surrender of the policy, none of its conditions having been violated, the company would pay to Brasfield himself, "his heirs, executors, or assigns," the equitable value of the policy, "as an endowment in cash." It is obvious that the interest of Mrs. Brasfield in this policy was contingent upon her husband's dying before the expiration of fifteen years from date, and, had he survived for this length of time, the cash value of the policy could have been claimed by him, free from any trust in favor of the wife.—*Levy v. Van Hagen*, 69 Ala. 17. That a reservation of this kind would be such a locking up of the debtor's property from creditors, for his own beneficial use, as to evince an intent to hinder, delay, or defraud creditors, has never been doubted since the doctrine settled in *Twyne's Case*, decided near three centuries ago.—*Benedict v. Renfro*, 75 Ala. 121; s c, 51 Amer. Rep. 429; *Murray v. McNealy*, 86 Ala. 234; s. c., 5 So. Rep. 565; *Woodall v. Kelly*, 85 Ala. 368.

The personal representative was not a necessary, although

[Jackson v. Stanley.]

he may have been a proper party defendant to the bill. *Coffey v. Norwood*, 81 Ala. 512.

There is nothing in the suggestion, that the bill was improperly filed in the name of the partnership which had been dissolved. It is described as a late partnership, and the names of the individual members of the firm are set out. This was clearly sufficient.

The second ground of demurrer suggests the point, that the premiums paid by Milton Brasfield to keep the policy in force were paid with the knowledge and assent of complainants, and such payment was not, therefore, a fraud on them. The allegations of the seventh paragraph of the bill, bearing on this point, refer for explanation to those set out in the tenth paragraph; and the latter having been stricken out by amendment, the remaining averments are not sufficiently clear and specific to raise the question. We do not, therefore, consider it. It can be raised by plea or answer to the bill.

The extent to which the proceeds of the policy in question are liable to the demand of the complainants, is not raised by the demurrer. If any portion of the fund is liable, as we have held it is, the demurrer raising this question was properly overruled.

The decree of the chancellor so ruling is affirmed.

