# Kimball, *et al. v.* Cunningham Hdw. Co., *et al.*.

### Bill to Subject Insurance Policies to Debt.

(Decided November 19, 1916. Rehearing denied December 21, 1916.
73 South. 323.)

1. **Exemptions; Insurance.**—Under the provisions of § 4502, Code 1907;. where the premiums on the policies of a deceased husband annually ex-. ceeded $750, and an annual premium of $750 would purchase not exceeding· $30,000 in ordinary life policies, the excess over $30,000 was subject to the. payment of the deceased husband's debts.

2. **Same; Proceedings to Reach Insurance.**—A ·bill in equity was the. proper remedy to be pursued by creditors seeking to subject to the payment of debts the proceds of the insurance policies on the life of decedent, above. the exemption stated in § 4502, Code 1907, as to a deceased husband's life insurance policy.

3. **Equity; Retaining Jurisdiction; Creditor's Bills; Removal from Probate Court.**—A bill by creditors to subject to the payment of debts the excess of insurance over and above the exemption allowed by § 4502, Code 1907, properly sought the removal of the administration of the estate of the, deceased husband from the probate into the chancery court, notwithstanding the administrator had filed a report in the probate court alleging the, insolvency of the estate, where no further action than the mere filing of the report had been taken; the administration and settlement of the estate being· a continuous proceeding, single and proper for the application of the general· rule that a court of equity, having assumed jurisdiction for one purpose will· retain and proceed to dispose of the entire cause.

4. **Discovery; Refusal to Answer; Decree.**—Where the wife and administrator were made parties respondent to a bill by creditors seeking to subject. to debt the excess of life insurance of the deceased husband, and they re-. fused fully to answer interrogatories filed under § 4049, et seq., Code 1907, a decree pro confesso was authorized by § 4055, Code 1907, as for failure to, answer.

5. **Appeal and Error; Record.**—The objection that a widow was not allowed to appeal from a judgment under the provisions of § 2879, Code 1907, as amended by Acts 1915, p. 715, was not reviewable where no order or de-. cree of the court below concerning such appeal appeared in the record.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by the Cunningham Hardware Company and others against Mary E. Kimball and others. From decree for complainants, respondents appeal. Affirmed.

By the bill, complainants, creditors of the estate of Lee E. Kimball, deceased (parties respondent being Mary E. Kimball, widow of said deceased, and L. R. Kimball, administrator of said estate), seek to subject the proceeds of certain insurance policies on the life of said Lee E. Kimball.

The bill alleges that Lee E. Kimball died intestate on August 12, 1912; that his estate was insolvent, the indebtedness being in excess of $27,000, and assets less than $10,000; that said Kimball carried insurance payable to his wife in the sum of $55,000, all of which was collected and appropriated to her own benefit; that Kimball was insolvent at the time of his death, and that his estate is wholly insolvent unless the proceeds of the insurance policies payable to his wife be held subject to the payment of his debts; that complainants are creditors of said estate, and their claims were properly filed in the probate court.

It is further alleged that the insurance on the life of deceased was evidenced by several policies, each of which contained a stipulation whereby the company undertook and bound itself to pay certain amounts to the insured, personally, at his option, at the expiration of a given number of years after issuance of the policy; that by the terms of the policy such payments were to be in commutation or satisfaction of the contract of insurance, and that the premiums on the policies were paid by said Lee Kimball during his lifetime; that the stipulation in the policies by which the insured was to receive certain payments at the expiration of given periods was the reservation to him of such a benefit as would render the transaction fraudulent as to his creditors, and subject to the payment of his debts that portion of the proceeds of the policies not exempt to the widow.

It is further averred in paragraph 6½ of the amended bill that the annual premiums on all of said insurance policies largely exceeded the sum of $750 per annum; that the amount of insurance on the insured which an annual premium of $750 would purchase as an ordinary life policy in a standard company would not exceed $30,000, and therefore that a large amount of said insurance, to wit, the sum of $25,000, did not fall within the

exemption allowed by section 4502 of the Code and was subject to the payment of the debts of the deceased.

It is further alleged in the amended bill that Mary E. Kimball, the widow, is entitled to a portion of the proceeds of said insurance policies as exempt to her, under section 4502 of the Code, but that the utmost amount which she could lawfully claim as so exempt would not exceed $30,000.

The bill further shows that L. R. Kimball, administrator of the estate of Kee Kimball, had filed in the probate court of Mobile county on November 19, 1913, a report in which he alleges that the estate is insolvent; and it appears from said report that the administrator makes no claims against the said Mary Kimball for any portion of the proceeds of said insurance policies.

Complainants pray that the court fix the amount of the proceeds of the insurance policy which is exempt to the said widow and the amount not exempt, and decree that so much of the surplus, over and above such exemption, as may be necessary to pay the valid debts of the estate of deceased, be declared an asset of the estate; and that the said Mary E. Kimball hold such portion of the proceeds of the policies in trust for the creditors of said estate, and be required to pay over to the administrator so much of the surplus as may be necessary to cover the indebtedness, taking into account the amount of money now in the hands of the administrator. It is further prayed that the administration be removed into the chancery court.

A demurrer to the bill as amended was overruled, and a final decree rendered, granting to complainants the relief prayed in the bill, and ordering the removal of the administration of the estate into the chancery court, and a reference to ascertain who were the creditors and the amount of the indebtedness of each.

Decree pro confesso was rendered by the chancery court against each of the respondents because of their failure and refusal to fully answer the interrogatories propounded under the statute by complainants. Evidence in the cause was also taken by complainants, and photographic copies of the policies of insurance were made part of the record. It appears from the record that, during the pendency of the proceedings in the chancery court, respondent L. R. Kimball, as administrator, filed in the probate court his resignation. No relief is asked or granted in the decree as against said administrator, except that necessary to the removal of the administration to the chancery court. From the said final decree the respondents prosecute this appeal.

[Kimball, et al. v. Cunningham Hdw. Co., et al.]

FREDERICK G. BROMBERG, for appellant. INGE & McLEOD, and HARRY T. SMITH & CAFFEY, for appellee.

GARDNER, J.—The original bill in this cause has recently been under review by this court.—*Kimball v. Cunningham Hardware Co.*, 192 Ala. 223, 68 South. 309. The majority opinion, written by Mr. Justice MAYFIELD, reviews the cases of *Tompkins v. Levy*, 87 Ala. 263, 6 South. 346, 13 Am. St. Rep. 31, and *Fearn v. Ward*, 80 Ala. 555, 2 South. 114, and also section 4502 of the Code of 1907, quoted in the opinion, which also contains extracts from some of our cases discussing the objects and policies of said section and its progenitors.

The amended bill, after averring in substance what was alleged in the original bill in regard to the provisions in the policies involving reservations for the benefit of the insured being contracts to pay the insured, personally, at his option, stated sums of money on the expiration of a given number of years, alleges also that the said payments were to be, by the terms of the policies, in commutation or satisfaction of the contracts of insurance.

The amended bill then further alleges that the annual premiums on these policies largely exceeded the sum of $750 per annum, and that the amount of insurance on the life of the insured which an annual premium of $750 would purchase, as an ordinary life policy in a standard life insurance company, would not exceed $30,000, and therefore that a large amount of said insurance, to wit, the sum of $25,000, did not fall within the exception allowed by Code, § 4502, and so was subject to the payment of the debts of the deceased.

In *Kimball v. Cunningham Hardware Company, supra*, the opinion of the majority concludes as follows: "If the whole or any part of the proceeds of this policy should appear not to be within the exemption statute, then probably the whole, or the part not exempt, could be reached by the creditors, as was done in the cases of *Fearn v. Ward*, and *Tompkins v. Levy, supra*; but we decline to now intimate a decision on this question."

The court at that time declined to commit itself to the proposition that that part of the proceeds of these policies not within the exemption statute could be reached by these creditors, for the reason that there was nothing in the bill to indicate that such a situation was presented or would be presented.

[Kimball, et al. v. Cunningham Hdw. Co., et al.]

(1) The question is now squarely presented; and upon due· consideration we are of the opinion that the concluding para-· graph of the majority opinion on former appeal clearly states· the law.   The opinion sufficiently reviews section 4502 of the· Code and the authorities in this state touching the same.   Dis-· cussion of the question here would result largely in repetition, and we content ourselves with the conclusion that the proceeds of· these policies, in excess of the sum exempted by statute, are, under the allegations of the bill as amended, subject to the pay-· ment of the debts of deceased, and that the demurrer to the bill as amended was properly overruled.

The bill shows that the policies were payable to respondent· Mary E. Kimball, and that she therefore had a clear legal title, a prima facie legal right, to the proceeds thereof, and that the· administrator makes no claim to the same.   Indeed, it may be· questioned that the administrator could maintain such a bill.—· *Davis v. Swanson*, 54 Ala. 277, 25 Am. Rep. 678; *McClarin v. Anderson*, 109 Ala. 571, 19 South. 982; *Davis v. Stovall*, 185 Ala. 173, 64 South. 586.

(2) On the question of jurisdiction there was no division of· opinion, as we think appears in the report of the case on former· appeal.   "So far as the question of jurisdiction is concerned, the· bill is properly filed."—*Kimball v. Cunningham Hardware Co.,·* *supra.*

(3) Removal of the administration into the chancery court was also sought, and to that end the administrator was made a· party to the cause.   Much stress is laid, in argument of counsel· for appellant, upon the fact that it appears that the administrator had filed a report in the probate court alleging the insolvency of the estate, and that therefore the estate could not be removed. It is the generally recognized rule that a court of equity, having once assumed jurisdiction of a cause for one purpose, will retain the same and proceed to dispose of the entire case.   No action had been taken in the probate court further than the mere filing of the report by the administrator.

If complainants are successful in their suit, they will subject· a large sum of money to the payment of the debts of the deceased, and their success will render the estate solvent.   If the insurance· money is to be administered in the chancery court, and the balance of the estate continues to be administered in the probate

court, there will be an entirely useless and unnecessary splitting up of the administration, resulting in more or less confusion.

The chancery court alone could grant the relief sought by the complainants in this suit. The administration and settlement of an estate is a single, continuous proceeding, as declared by this court in *Tygh v. Dolan,* 95 Ala. 269, 10 South. 837, in the following language: "And when an administration is removed into the chancery court for any purpose, or in any part, it is there in whole, and for all purposes. There can be no splitting up of an administration any more than any other cause of action; it is one proceeding throughout, in a sense, and the court having paramount jurisdiction of it must proceed to a final and complete settlement."

We are of the opinion that the bill properly sought the removal of the administration of the estate into the chancery court. —*Corr v. Shackelford,* 68 Ala. 241; *Shackelford v. Bankhead,* 72 Ala. 476; *Hunley v. Hunley,* 15 Ala. 91; *Moore v. Winston,* 66 Ala. 296; *Glenn v. Billingslea,* 64 Ala. 345.

(4) Complainants propounded certain interrogatories to the respondents, duly verified as required under the provisions of section 4049, Code 1907. These interrogatories were clearly filed under the provisions of section 4049, Code 1907, as they were accompanied by the affidavit therein provided for; no such affidavit being required under section 3135. These interrogatories were served on respondents, or their counsel of record, on July 26, 1915, and the answers thereto filed on September 27, 1915. Complainants insisted that the interrogatories were not fully answered, and made an effort to have the court require respondents to answer orally. This motion respondents met by the certificate of a physician to the effect that they were physically unable to answer orally. No offer to more fully answer the interrogatories by amendment of their former answer or otherwise seems to have been made by respondents.

Motion was made before the court, therefore, for decree pro confesso against respondents Mary E. Kimball and L. R. Kimball, the administrator. No money decree was prayed as against the administrator and none was rendered; and we are unable to see in what manner he could have been injuriously affected by any decree rendered in this cause, as it appears that he had already filed in the probate court his resignation as administrator. The chancellor concluded, on hearing this motion, that respond-

ents had failed to sufficiently answer several important interrogatories and rendered a decree pro confesso against them.

A review of the interrogatories and the answers thereto is unnecessary, but by way of illustration it may be well to make reference to the fifth interrogatory propounded to respondent Mary Kimball, which inquired the amount of the insurance carried on the life of deceased and to whom it was payable. To this she relied that, so far as she knew, he had $52,000, of which $33,000 was for the benefit of herself, and "$18,000 in Mr. Tapia's agency of Mobile." The interrogatory precisely asked to whom the insurance was payable. Respondent stated that the $33,000 was payable to herself, but declined to state to whom the $18,000 was payable. This testimony was obviously material to the issues of the case.

The ninth interrogatory was practically a repetition of a portion of the fifth, and was as follows: "What amount of insurance upon the life of the said Lee E. Kimball did you collect from each of said companies?" to which she replied: "I collected all that was coming to me by the policies, as stated in my answer to the fifth interrogatory."

We have examined the record with the utmost care and are fully convinced that the chancellor was justified in rendering the decree pro confesso, as authorized by section 4055, Code 1907.—*Rosenau v. Powell,* 173 Ala. 123, 55 South. 789.

We conclude that the averments of the bill as amended were entirely sufficient; and that, the decrees pro confesso being properly rendered, the final decree granting the appropriate relief had sufficient support for its rendition. Out of abundance of caution, however, complainants offered proof in support of the averments of the bill, which proof, we conclude, would also have justified the decree. Our conclusion that the decrees pro confesso were properly rendered and therefore form a sufficient basis for the final decree renders it unnecessary to review several suggestions presented as to the evidence, as argued by counsel for appellant.

(5) We are referred by brief of counsel for appellant to assignments of error 69 and 70. The record fails to disclose any such numbered assignments, nor any assignments, so far as we are able to discover, having relation to the matter argued in brief under this heading. Counsel argued to the effect that appellant Mary E. Kimball is entitled to an appeal, and also to a

supersedeas of the decree, upon giving security for the costs and making affidavit as provided under section 2879, Code 1907, as amended.—Acts 1915, p. 715. Even if such matter could be reviewed in this manner, we have no order or decree of the court below, concerning it, in this record, and there is therefore nothing before us calling for a discussion or decision of the question. Moreover, it is not insisted that any effort has been made to enforce the decree pending the appeal.

We have here treated the meritorious questions presented by this record, and discover nothing calling for a reversal of this cause. The decree of the chancery court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.