(133 So. 698)

**BRASHER et al. v. BREEN & GARDIEN INS. AGENCY et al.**

6 Div. 719.

Supreme Court of Alabama.

April 9, 1931.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

William S. Pritchard, John D. Higgins, and Ritter, Wynn & Carmichael, all of Birmingham, for appellees.

SAYRE, J.

Appellees, creditors of Omer Brasher, deceased, filed their bill to subject the amount of insurance policies on the life of deceased purchased by annual premiums in excess of $1,000. Appellant is the widow of Omer Brasher and executrix of his will. Her demurrer to appellees' bill was overruled, after which this appeal.

Appellant's right to so much of the insurance on the life of her deceased husband as would have been purchased by an annual premium not in excess of $1,000 is not denied—is conceded by the bill. The question at issue between the parties relates to insurance money due from various companies, parties defendant to the bill, and purchased by annual premiums the sum of which exceeded the sum of $1,000, the amount allowed by the statute, section 8277 of the Code, as exempt to the widow, or widow and children, from liability for the debts of the husband, or husband and father, or his torts, or penalties or damages recoverable of him.

It is averred in the bill that Brasher, the insured, was insolvent at the time of his death, but, as appellant notes, the bill fails to show when deceased insured became insolvent, nor that he was insolvent at the time when he purchased the policies, nor that premiums were paid after he became insolvent, nor that complainants were creditors of the insured at the time when he purchased the policies in question, and these alleged defects in the bill were made the basis of the demurrer which was overruled by the decree now under review.

In our consideration of the question presented for decision it is assumed that deceased insured continued to pay the premiums due on his several policies as such premiums fell due, for such is the usual course in the matter of contracts of life insurance paid for by premiums falling due at recurrent intervals. So far as concerns amounts due or paid on policies purchased by the payment of premiums in excess of $1,000, the judgment here is that the general averment that the insured was insolvent at the time of his death, without more, does not suffice to condemn the proceeds of the several policies in excess of the amount secured by premiums in excess of $1,000 averred in the bill to the payment of the demands of creditors. It is averred that the life of deceased was insured for large amounts in several named companies, and, on information and belief, that there were other and additional policies in companies that complainant is unable to name, payable to the widow of deceased or

to her and their minor child, the exact amounts of which complainant creditors are unable to state, as to which last-named policies the bill prays discovery. It is not averred when or upon what terms any of the policies was contracted for. For aught appearing to the contrary, each and every one of them may have been contracted for or even paid for at the time of its issue, and at that time, or at the time of the payment of subsequent premiums, the financial condition of the insured may have been such that no objection in law or morals could have been taken to such contract by his creditors. And each contract of insurance must be judged on its own merits. It is possible that some or all of them may have been entered into with the purpose to defraud creditors; it is also possible that some or all of them may have been entered into without offense against the rights of creditors. It is no sufficient proof of fraud that the insured was insolvent at the time of his death. The statute, section 8277, is without influence upon the case except that it places so much of the insurance as may have been bought at the price of $1,000 beyond the reach of creditors. The disposition of the rest of it must be determined according to the rules which govern conveyances in general. The averments of the bill fail to make a case of fraud. Kimball v. Cunningham Hardware Co., 192 Ala. 223, 68 So. 309; Id., 197 Ala. 631, 73 So. 323; Stone v. Knickerbocker Ins. Co., 52 Ala. 589; Fearn v. Ward, 80 Ala. 555, 2 So. 114.

The demurrer to appellees' bill should have been sustained.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.